JoiinsoN, C. J. Upon the state of facts as exhibited by the bill of exceptions we are called upon alone to determine whether the warrants issued to the defendant in error, were transferable by mere delivery, so as to vest the legal interest in the holder. It is in evidence that they were issued in the usual form, and if so, then they must have been made payable to the defendant or bearer. It is contended by the defendant that the cases which hóld that the instruments ought to be produced and cancelled on the trial, are cases where negotiable notes had been given, and that those issued to the defendant in this case were mere protested orders of no value. That the cases to which he has referred are good authority will not be disputed, but whether they furnish him any support in this case, is a more doubtful question. The statute authorizing the issuing of warrants in favor of persons having claims against the county, prescribes the form thereof, and under that form there can be no doubt but that they are endowed with the properties of negotiable instruments; and being made payable to a certain individual or bearer, the legal interest in the same can be transferred by delivery alone, without the necessity of a formal assignment. The county of Crawford, through her authorized agent, acknowledged herself indebted to the defendant in a certain sum, and drew an order upon the treasurer for its payment. Whether the orders were protested or not we are not informed by the testimony. The proof is that they were presented to the treasurer for payment, and that he refused to dp so for the want of funds. If Wilson did not elect to consider the warrants themselves in the light of a payment, he should not have parted with them, but on the contrary he should have retained the possession until the money was received, at the treasury, or have instituted his suit against the county, and upon the trial have tendered them as evidence in support of his demand. The instant he parted with the possession whether for their nominal or real value, the legal interest vested in the transferee, and he thereby became clothed with ample power to maintain a suit in his own name for the sum expressed Upon their face. If the holder of a negotiable instrument parts with it for a less sum than what is expressed upon its face, it most unquestionably does not lie in his mouth to take advantage of his own act by having recourse back upon the maker for the amount discounted by himself. We presume it would not be contended that the payee of a promissory note, after having assigned it and delivered possession, could have recourse back upon the maker, upon the ground that he had not received the full amount expressed upon its face. We can see no good reason upon which to ground a distinction between the two cases. If the instruments received by Wilson passed by delivery, and that they did we entertain no doubt, then it is that a payment to the bearer, would have been a complete and effectual bar to any action subsequently instituted by himself. Under this view of the law we are forced to the conclusion that by parting with the warrants, whether he received their nominal amount or not, he elected to regard them as a payment, and that having thereby transferred his right of action to another, he therefore has no claim against the county of Crawford. Judgment reversed.