## Scott *v.* The State.

26  521
81  333

Oral and Written Testimony—*How made of record.*—Neither oral or written testimony constitute any part of the record, unless it is made so by order of the court, by agreement of the parties, by demurrer, by oyer by bill of exceptions or by special verdict.

*Appeal from Pulaski Circuit Court.*

Hon. John Whytock, Circuit Judge.

Rice & Benjamin, Gallagher, Newton & Hempstead, and Howard and R. S. Gantt, for appellant.

*Montgomery,* Attorney General, for appellee.

McClure, C. J.

The only difference between this case and that of the *State v. Henry et al.*, is that the counsel for the appellants, and the attorney general, have filed an agreement whereby this court is granted permission to consider the record as containing the following facts:

*First.* "That the appellant sold liquor in quantities less than one quart, in the city of Little Rock, in the county of Pulaski, and State of Arkansas, and that he had not procured from the county court a license for the sale of the same."

*Second.* "That said record may also be considered as containing the annexed certified copy of the order of the county court establishing said license, which was omitted from said transcript."

This agreement relates solely to the evidence adduced at the trial, and is not an agreement to perfect the record, although it proposes to be such. Neither oral or written testimony constitute any part of the record, unless it is made so by order of the court, by agreement of the parties, by demurrer, by oyer, by bill of exceptions, or by special verdict." *Lenox v. Pike,* 2

*Ark. 214; Berry v. Singer, 10 Ark 491; Dillard v. Parker, 25 Ark. 507.*

This record contains the finding of the indictment, the indictment, the waiver of arraignment, a plea of not guilty, the waiver of a jury and a consent to submit the cause to the court, sitting as a jury. The record then continues by saying, "and the court, having heard the evidence adduced, and the argument of counsel, overrules the defendant's demurrer and assesses a fine of twenty dollars against said defendant. It is therefore considered," etc. To which ruling the defendant excepted and prayed an appeal to the Supreme Court.

It appears, from the closing portion of the record, that a demurrer was overruled, but whether the demurrer related to the indictment, or to the evidence adduced at the trial, we have no means of ascertaining, as we are unable to find a copy of the demurrer in the transcript; nor does it appear that a demurrer was filed, save, as is incidentally recited in the finding of the court. If this demurrer was actually filed and it related to the evidence, it would at once perform the office of a bill of exceptions, if properly framed; but in its absence, we are unable to tell what its mission was, if it ever had one. A demurrer to evidence must be to the *whole* evidence; whether this agreement, filed by the attorneys of the appellant and the attorney general, contains *all* the evidence, we are not able to determine; nor does it so state. If we should consider this agreement as containing all the evidence, this judgment would have to be reversed, because it no where appears that the selling of the liquors without license, took place *before* the finding of the indictment. We are not at liberty to presume that the statement filed contains *all* the evidence, where the effect would be to procure a reversal of the judgment. If we were to hear this cause upon an agreed statement of facts, or to try the case *de novo*, as seems to be the desire of counsel, grave questions might arise as to the validity of a judgment rendered, by this court, under such circumstances. We sit here to hear and determine causes of this character on appeal, or writ of error,

and such would not be the functions of this court, if we heard it upon an agreed statement of facts. For the reasons given in the case of *Henry et al. v. The State*, the judgment will be affirmed.